STATE v. ELISHA MACE.

*Indictment—Perjury—Administration of Oath—Material Matter.*

1. An indictment need not necessarily be signed by any one.

2. On trial of an indictment for perjury, an exception was taken that no witness testified that defendant repeated the words "so help me God," as prescribed by the statute; *Held*, it being affirmatively shown that an oath was administered, the presumption is that it was rightfully done.

3. Where the perjury assigned was in the falsity of an oath made by defendant on trial of A for larceny, and there was evidence showing that some of the stolen articles were found in the possession of A; *Held* that the testimony of this defendant, given on said larceny trial, that he received other of the stolen articles from A, bears upon a matter material to the issue.

(*State* v. *Vincent*, 1 Car. L. Rep., 493; *State* v. *Cox*, 6 Ired., 440, cited and approved.)

INDICTMENT for perjury, tried at Fall Term, 1881, of MITCHELL Superior Court, before *Seymour, J.*

The defendant was indicted for perjury, alleged to have been committed in the trial of an indictment for larceny, against one James Taylor and four others, had at fall term, 1872, of Mitchell superior court.

The solicitor of the district being absent at that term, the presiding judge appointed J. W. Bowman, Esq., to act as such *pro tempore*, who prepared the bill of indictment against the said Taylor and others, and signed the same in his own name as solicitor.

The larceny charged upon Taylor and his co-defendants, was the taking of some pigs, the property of one Wiseman; and the evidence offered on the trial went to show that two of the stolen pigs had been found in the possession of the present defendant, and being examined in regard thereto,

STATE v. MACE.

he testified that he had received them from the said Taylor; and the perjury was alleged to have consisted in the falsity of that statement.

On the trial of the defendant, at fall term, 1881, two witnesses testified that he was sworn in the usual way upon the Bible, but no one could remember that he repeated the words, " so help me, God," before kissing the book.

For the defence three exceptions were taken:

1. That the original indictment against Taylor and others being signed by Mr. Bowman instead of the regular solicitor was not sufficient to constitute the case as one in court.

2. That inasmuch as no witness testified that he repeated the words "so help me God," as prescribed in the statute, it did not appear that he had taken an oath, the violation of which was in law perjury.

3. That since the other evidence, introduced in the trial of the indictment against Taylor and others, showed that others of the stolen pigs had been found in the actual possession of Taylor, it was not material to show that those found in the defendant's possession had been received from him, and therefore the defendant's testimony, alleged to be false, was given with reference to an immaterial matter and could not support the charge of perjury against him.

The exceptions were overruled. Verdict of guilty, judgment, appeal by defendant.

*Attorney General,* for the State.
No counsel for defendant.

RUFFIN, J. This court is of the opinion that no one of the defendant's exceptions is well taken.

I. The signature of the prosecuting officer, while usually attached to the indictment, forms no part of it, and is in no manner essential to its validity. The indictment is not his work, but is the act of the grand jury declared in open

court, and need not be signed by any one; and if it be, it is mere surplusage and cannot vitiate it. *State* v. *Vincent*, 1 Car. Law Rep., 493; *State* v. *Cox*, 6 Ired., 440.

II. The administration of an oath to a witness is an official act of the court; and it being shown affirmatively that an oath was administered to the defendant in open court on the Bible, a presumption arises that it was rightly done. The maxim *omnia presumuntur rite esse acta* applies in no case with greater effect than to official acts of this nature, the minute and particular details of which, while important, are not likely to attract such attention as to insure their being accurately remembered.

III. We presume the other point, as to the immateriality of the evidence given in by the defendant, the alleged falsity of which is the subject of this prosecution, could hardly have been seriously taken. If a number of articles of any kind be stolen, the greater the number of them that can be traced to the possession of a party accused, the greater the probability of his guilt must be—and certainly, in no point of view could it be considered an immaterial circumstance to show that all of the missing articles came recently to his possession.

There is no error. Let this be certified to the court below, to the end that the matter may be proceeded in according to law.

No error. Affirmed.