STATE OF NORTH CAROLINA v. RUFUS J. SUTTON.

(Filed 21 September, 1966.)

APPEAL by defendant from *Farthing, J.,* March 1966 Session of RUTHERFORD.

Defendant escaped from the custody of the North Carolina Prison Department while serving a 2-year sentence imposed upon him by the Superior Court of Haywood County for the crime of nonsupport.

At the November 1965 Session of Rutherford, he was indicted for the escape (a misdemeanor), pled guilty, and received a sentence of 9 months to begin at the expiration of the uncompleted 2-year term. G.S. 148-45. Thereafter, while still serving the nonsupport sentence, defendant instituted proceedings under G.S. 15-217 *et seq.* to vacate the escape sentence on the ground that he had not been represented by counsel at the time he entered his plea of guilty. Judge Riddle heard defendant's petition and vacated the sentence. He ordered a new trial and appointed defendant's present counsel to represent him. At the March 1966 Session, defendant, through his attorney, James H. Burwell, Jr., Esquire, entered a plea of guilty to the escape charged in the bill of indictment. Judge Farthing, in open court, fully examined defendant with reference to the voluntariness of his plea and informed him in minute detail of the possible consequences of it. Defendant reaffirmed his plea of guilty, and Judge Farthing imposed a sentence of 9 months. Defendant was then remanded to the custody of the Prison Department to complete the nonsupport sentence before beginning the escape sentence. The next day, March 12, 1966, defendant, acting for himself and without the advice of counsel, by letter, gave notice of appeal to this Court. Judge Farthing ordered his attorney to prosecute his appeal.

*T. W. Bruton, Attorney General, Theodore C. Brown, Jr., Staff Attorney for the State.*

*J. H. Burwell, Jr., for defendant appellant.*

PER CURIAM. Defendant's case on appeal contains no exception or assignment of error. The appeal itself, however, constitutes an exception to the judgment and presents for review any error appearing on the face of the record. 1 Strong, N. C. Index, Criminal Law § 154. No error appears. This case is another exemplification of the manner in which many defendants, at public expense, are abusing the unlimited right of appeal which this State grants to all who have been sentenced for crime — either upon a plea of guilty or a verdict of guilty.

No error.