STATE OF NORTH CAROLINA v. JAMES MASON, ALIAS JAMES DUDLEY

No. 64

(Filed 13 October 1971)

1. Criminal Law § 104— motion for nonsuit — question for court

Upon a motion for judgment of nonsuit in a criminal action, the evidence for the State must be taken as true and the question for the court is whether there is substantial evidence that the offense charged in the bill of indictment, or a lesser offense included therein, has been committed and that the defendant committed it.

2. Robbery § 4— armed robbery — sufficiency of evidence

The State's evidence was sufficient to be submitted to the jury in this prosecution for armed robbery.

State v. Mason

3. **Criminal Law § 163— broadside assignment of error to the charge**

An assignment of error to the charge as a whole that specifies no portion of the charge which the defendant deems erroneous and no additional instruction which he deems to be required is broadside and ineffectual to bring up any portion of the charge for appellate review.

4. **Criminal Law § 132— motion to set aside verdict**

Defendant's motion to set aside the verdict as being against the greater weight of the evidence was addressed to the discretion of the trial court and is not reviewable upon appeal.

5. **Criminal Law § 161— appeal as exception to judgment**

The appeal is itself an exception to the judgment and requires an examination of the record proper to determine whether error appears on the face thereof.

6. **Criminal Law § 13— jurisdiction — valid indictment or warrant**

A valid indictment or warrant charging all the essential elements of a criminal offense is necessary to jurisdiction.

7. **Indictment and Warrant § 7— signature of solicitor on indictment**

The signature of the prosecuting officer is not essential to the validity of a bill of indictment.

8. **Indictment and Warrant § 11; Robbery § 2— armed robbery indictment — failure to allege ownership of property stolen**

Indictment for armed robbery is not fatally defective in failing to allege the name of the owner of the properties alleged to have been taken from a named person, the allegations of the indictment being sufficient to negative the idea that the accused was taking his own property.

APPEAL by defendant from *Jackson, J.,* at the 15 March 1971, Schedule "C" Criminal Session of MECKLENBURG, heard prior to determination by the Court of Appeals.

Upon an indictment charging him with robbery with the use of firearms, the defendant was found guilty as charged and sentenced to a term of eight to ten years, subject to certain credit. His three assignments of error are: (1) The denial of his motion for judgment of nonsuit; (2) "The court erred in instructing the jury as set forth in the record," neither the assignment nor the exception upon which it is based being directed to any specific portion of the charge and neither stating wherein the charge is deemed erroneous; and (3) the overruling of the defendant's motion to set aside the verdict as being against the greater weight of the evidence and for errors committed in the course of the trial, the record containing no exceptions to any ruling of the court other than as here shown.

State v. Mason

Upon objection by the defendant to his in-court identification by the victim of the alleged robbery, an extensive *voir dire* examination was had in the absence of the jury. The uncontradicted evidence upon the *voir dire* was to the effect that the witness was held up and robbed at night by the defendant and another man on a street lighted by a street light; the robbery procedure took about 15 minutes, in which time the defendant struck the witness in the face with a pistol, pointed the pistol at him while facing him, and threatened "to blow his brains out," took his money and removed his outer clothing; the witness promptly notified the police and described the defendant; he did not then know the defendant's name but had seen him just a few minutes before the robbery in a house to which the witness had gone to get some tools; there was no lineup; the witness was shown a number of photographs of individuals by the police prior to the arrest, none of which was a picture of the defendant; the witness did not identify any of these as pictures of either robber; the witness did not see the defendant between the robbery and the trial, except when he went to the courthouse, first for appointment of counsel for the defendant and later for the preliminary hearing; he recognized the defendant as the robber as soon as the defendant entered the courtroom on the first of these occasions; no one told him the defendant was the man who robbed him; at the time of the robbery he looked the defendant in the face for two or three minutes; his in-court identification at the trial was positive and was not aided by the sight of the defendant at the appointment of counsel or at the preliminary hearing because he knew him when he saw him.

At the conclusion of the *voir dire* examination, the judge briefly reviewed some of the evidence thereon and "concluded" that there had been no line-up and no identification of the defendant from photographs. The jury then returned and the trial proceeded, the alleged victim of the robbery testifying in substance as follows:

On the night of the robbery he went to the home of a friend to pick up some of his tools. Entering the house, he observed therein the defendant and others, none of whom he knew by name. The witness left the house and the defendant and three other men followed him up the street, which was lighted by street lights so that one could see well. Two of these men lagged

behind, but the defendant and another continued to follow the witness and overtook him. The defendant struck the witness in the face with a pistol, put the pistol up to the witness' head and threatened to blow his brains out unless the witness gave him his money. The defendant's companion then knocked the witness down and removed his suit, shirt, hat and shoes. In the pocket of his coat was his billfold containing $250.00. Taking this and the clothing, the defendant and his companion ran back toward the house where the witness had seen them a few minutes earlier. The completion of the robbery took about ten or fifteen minutes. Immediately thereafter, he asked a person living nearby to call the police. When the officers arrived at the scene, he described the robbers and pointed out the direction in which they had gone. He did not then know the defendant's name. He did not see the defendant again until he came to court for the appointment of counsel for the defendant, at which time he did not know which of the robbers had been arrested and so did not know which of them he would see in the courtroom. On that occasion he saw and immediately recognized the defendant. There is no doubt in his mind but that the defendant was the man who held the gun on him and robbed him.

Police Officer Moore, who answered the call, testified that he then talked to the victim who told him of the robbery, described the robbers and stated that they had come from the house referred to by the victim in his testimony. After taking the victim home, the officers went to the house from which the victim had said the robbers had come. There they observed the defendant standing in the doorway. When the officers got out of their car, the defendant ran into the house, shut the door and locked it. Officer Moore had known the defendant prior to that time. Later that night, the officers again observed the defendant on the street in that vicinity. They stopped their car beside him. He told them his name was "James Dudley." Officer Moore, knowing his name was Mason, told his fellow officer to get out for this was the man for whom they were looking. Mason then threw a recorder and a radio, which he had in his hands, at the other officer and ran, outdistancing the officers.

The defendant's motion for judgment of nonsuit having been overruled, he took the stand in his own behalf. His defense was alibi. No other witnesses were called on his behalf. At the

conclusion of all the evidence, the motion for nonsuit was re-
newed and was again denied.

*Attorney General Morgan and Assistant Attorney General
Hensey for the State.*

*James J. Caldwell for defendant.*

LAKE, Justice.

**[1, 2]** Upon a motion for judgment of nonsuit in a criminal
action, the evidence for the State must be taken as true and the
question for the court is whether there is substantial evidence
that the offense charged in the bill of indictment, or a lesser
offense included therein, has been committed and that the de-
fendant committed it. *State v. Cutler,* 271 N.C. 379, 156 S.E. 2d
679. There is ample evidence in the record before us to support a
finding of each element of the offense of robbery, *State v.
Rogers,* 273 N.C. 208, 159 S.E. 2d 525, *State v. Smith,* 268 N.C.
167, 150 S.E. 2d 194, that the offense was committed with the
use of a firearm and that the defendant was one of the persons
who committed it. The conflict between the testimony of the
victim of the robbery, identifying the defendant as one of the
perpetrators of the offense, and the testimony of the defendant,
designed to establish an alibi, merely raises a question of fact
for the jury. Consequently, the defendant's motion for judgment
as of nonsuit was properly overruled.

**[3]** The defendant's second assignment of error is to the charge
as a whole. It specifies no portion of the charge which the de-
fendant deems erroneous and no additional instruction which
he deems to be required. This is a broadside assignment and is
ineffectual to bring up any portion of the charge for review by
this Court. *State v. Baldwin,* 276 N.C. 690, 701, 174 S.E. 2d 526.
"Assignments of error to the charge should quote the portion of
the charge to which the appellant objects, and assignments based
on failure to charge should set out appellant's contention as to
what the court should have charged." *State v. Kirby,* 276 N.C.
123, 131, 171 S.E. 2d 416. Nevertheless, we have examined the
charge and find it free from error. It was a clear, concise and
accurate statement of the applicable principles of law, contained
a fair and adequate review of the evidence and applied the law
to the evidence. This assignment of error is without merit.

[4] The defendant's motion to set aside the verdict as being against the greater weight of the evidence was addressed to the discretion of the trial court and is not reviewable upon appeal. *State v. Bridgers,* 267 N.C. 121, 147 S.E. 2d 555; *State v. Wagstaff,* 219 N.C. 15, 12 S.E. 2d 657. The defendant's third assignment of error is, therefore, also without merit.

[5-7] In addition to the assignments of error specifically set forth, the appeal is, itself, an exception to the judgment and requires an examination of the record proper to determine whether error appears on the face thereof. *State v. Williams,* 268 N.C. 295, 150 S.E. 2d 447; *State v. Sutton,* 268 N.C. 165, 150 S.E. 2d 50; *State v. Williams,* 235 N.C. 429, 70 S.E. 2d 1. Since a valid indictment, or warrant, charging all the essential elements of a criminal offense, is necessary to jurisdiction, *State v. McBane,* 276 N.C. 60, 170 S.E. 2d 913; we turn to the indictment upon which the defendant was tried. The record indicates it was not signed by the solicitor. "It is not essential in this jurisdiction to the validity of the indictment that it should be signed by the prosecuting officer." *State v. Sellers,* 273 N.C. 641, 651, 161 S.E. 2d 15; *State v. Mace,* 86 N.C. 668.

[8] The indictment upon which the defendant was tried does not allege the ownership of the property alleged to have been taken, stolen and carried away. In *State v. Sawyer,* 224 N.C. 61, 65, 29 S.E. 2d 34, Justice Winborne, later Chief Justice, speaking for the Court, said, "[I]n an indictment for robbery the allegation of ownership of the property taken is sufficient when it negatives the idea that the accused was taking his own property." In *State v. Lynch,* 266 N.C. 584, 146 S.E. 2d 677, the indictment charged that the defendant robbed one Rita Bryant of "Forty Four Dollars, the property of the said Rita Bryant," whereas the evidence tended to show that the money taken from Miss Bryant was the property of the Towne House Bakery. Speaking through the present Chief Justice, this Court held the variance was not basis for nonsuit, saying:

> "As to the variance with reference to the ownership of the stolen money, it is noted that '[t]he gist of the offense [robbery] is not the taking, but a taking by force or the putting in fear.' *S. v. Sawyer,* 224 N.C. 61, 65, 29 S.E. 2d 34, and cases cited. * * * 'It is not essential to the crime of robbery that the property be taken from the actual holder of the legal title, a taking from one having the care, custody,

---

State v. Mason

---

control, management, or possession of the property being sufficient.' 77 C.J.S., Robbery, § 7; 46 AM. JUR., Robbery, § 9."

In *State v. Rogers, supra,* we said, "It is not necessary that ownership of the property be laid in any particular person in order to allege and prove the crime of armed robbery." The allegation in the present indictment is that the defendant "with force and arms, at and in the county aforesaid, unlawfully, wilfully and feloniously, having in his possession and with the use and threatened use of firearms, * * * whereby the life of Lee A. Blackmon was endangered and threatened, did then and there unlawfully, wilfully, forcibly, violently and feloniously take, steal, and carry away one suit, checkbook, shoes and hat and $250.00 in lawful moneys of the United States of the value of $350.00 from the presence, person, place of business, and residence of Lee A. Blackmon * * *." While there is authority to the contrary, see *McGinnis v. State,* 16 Wyo. 72, 91 P. 936, in our opinion this allegation sufficiently negatives any idea that the property so taken by the defendant was his own. Similar allegations were held sufficient in indictments for robbery in *State v. Brill,* 21 Idaho 269, 121 P. 79; *Owen v. Commonwealth* (Ky.), 76 S.W. 3; *Wilson v. State,* 28 Okla. Cr. 102, 228 P. 1108; *State v. Dilley,* 15 Ore. 70, 13 P. 648; and *Clemons v. State,* 92 Tenn. 282, 21 S.W. 525.

Clearly, this language is sufficient to inform the defendant of the charge against which he must defend himself, and, being convicted and sentenced under this indictment, he could not lawfully be again indicted and tried for this occurrence by merely adding to the second indictment an allegation of ownership of the properties in another person. We, therefore, hold that the failure of this indictment to allege the name of the owner of the properties taken by the defendant from Lee A. Blackmon was not a fatal defect therein, though it is the customary and better practice to so allege.

No error.