State v. Davis

STATE OF NORTH CAROLINA v. SHEILA DAVIS

No. 795SC690

(Filed 5 February 1980)

**Municipal Corporations § 9— failure of finance officer to preaudit town obligation— purchase of fence not town obligation**

In order for a town finance officer to fulfill his statutory duty to preaudit obligations of the town, he must determine whether there are sufficient unencumbered funds in an appropriation to pay for an obligation before the obligation is incurred; therefore, in a prosecution of defendant, who was finance officer for the Town of Carolina Beach, for failure to preaudit an obligation of the Town, the trial court should have granted defendant's motion to dismiss at the close of the State's evidence where the State based its theory of willful failure to preaudit on the assumption that the obligation, payment for a split rail fence, was defendant's *personal* obligation, and all the State's evidence indicated that the fence was purchased for defendant's own use and was never intended to be an obligation of the Town. G.S. 159-25; G.S. 159-28.

APPEAL by defendant from *Reid, Judge*. Judgment entered 9 March 1979 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 7 January 1980.

Defendant was indicted on charges of embezzlement, felonious approval of an invalid bill while acting as Finance Officer for the Town of Carolina Beach (G.S. 159-181), failure to keep an accurate record of financial transactions for the Town of Carolina Beach (G.S. 14-230, Section 2-2003 of the General Ordinances of Carolina Beach), failure to preaudit an obligation of the Town of Carolina Beach, and failure to establish procedures necessary to assure compliance with the provision of G.S. 159-28 entitled "Budgetary Accounting For Appropriations" (G.S. 14-230). The trial judge submitted three issues to the jury relating to the charges of embezzlement (G.S. 14-92), knowingly approving an in-

valid bill while acting as Finance Officer for the Town of Carolina Beach (G.S. 159-181) and failure to preaudit an obligation for the Town of Carolina Beach (G.S. 159-25(a)(2), 28(a) and 181). The jury returned a verdict of not guilty on the first two issues and a verdict of guilty of failure to preaudit a town obligation. From judgment entered, defendant appealed.

State's evidence tended to show that in April, 1977 the defendant requested Robert Warren, a fellow employee of the Town of Carolina Beach, to purchase a split rail fence at Lowe's in Wilmington and to have the materials charged to her account. The defendant intended to erect the fence on her own property. An employee of Lowe's informed Robert Warren that the defendant did not have a charge account, at which time Warren spoke with the defendant's secretary by phone. He received permission to provide Lowe's with a purchase order (No. 3046) of the Town of Carolina Beach. Defendant's secretary, Lona Lewis, typed purchase order No. 3046. She also typed "personal" on the order since the defendant told her she intended to pay for the fence herself. A purchase order consists of four parts—the original, which is sent to the vendor, two copies, which are filed numerically and alphabetically, and a fourth copy, which is attached to the vendor's invoice and given to the Finance Officer for bookkeeping purposes. Ms. Lewis believes that she wrote "void" on the original, although she has not seen the original since it was typed. The words "paid personal" on the two copies produced by the State as exhibits are in the defendant's handwriting. Lowe's continued to bill the Town of Carolina Beach until it received payment for the fence by means of a town check for $198.45, dated 19 September 1977, which was signed by the defendant and a town councilman. Deanna George, a town employee who processed bills for payment from March 1977 until August 1978, informed the defendant that the town was repeatedly being billed for a fence which had already been paid for (purchase order #3313). At the close of State's evidence, defendant's motion to dismiss was denied.

Defendant testified that she did not see or sign the original purchase order, although the words "void paid personal" look like her handwriting. The defendant did not recall signing the check in payment of the fence. She stated that she thought she paid for the fence in cash in May, 1977. Occasionally the purchase orders

and invoices were not attached to the checks which were placed on her desk for signature. When she signed the check in question, she had no idea that it was to pay for the fence. Defendant's renewed motion to dismiss was denied.

*Attorney General Edmisten by Assistant Attorney General Thomas B. Wood, for the State.*

*Smith and Kendrick, by W. G. Smith and George H. Sperry, for the defendant.*

MARTIN (Robert M.), Judge.

The defendant by her second assignment of error contends that the trial court erred in denying defendant's motion for dismissal at the close of the State's evidence and at the close of all the evidence. We agree.

Upon defendant's motion for dismissal, the question for the court is whether there is substantial evidence (1) of each essential element of the offense charged and (2) of defendant being the perpetrator of such offense. If so, the motion is properly denied. *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980). *State v. Roseman*, 279 N.C. 573, 184 S.E. 2d 289 (1971); *State v. Mason*, 279 N.C. 435, 183 S.E. 2d 661 (1971). We must, therefore, examine the essential elements of the offense with which defendant was charged.

Defendant was charged in the fourth count of the indictment with wilfully failing to perform her duty as finance officer to preaudit an obligation of the Town of Carolina Beach. The essential elements of the offense of failing to preaudit are set forth by N.C. Gen. Stat. §§ 159-25(a)(2), 159-28(a) and 159-181. Section 159-25(a)(2) imposes on a finance officer in local government the duty to preaudit obligations and disbursements as required by this Chapter 159. Although the term preaudit is not defined, § 159-28(a) contains a description of what the finance officer must do in order to fulfill his duty to preaudit obligations.

§ 159-28. Budgetary accounting for appropriations.—

(a) Incurring obligations.—No obligation may be incurred . . . unless the budget ordinance includes an appropriation authorizing the obligation and an unencumbered balance re-

mains in the appropriation sufficient to pay in the current fiscal year the sums obligated. . .

Simply stated, the finance officer, in order to fulfill his duty to preaudit, must determine whether there are sufficient unencumbered funds in an appropriation to pay for an obligation before the obligation is incurred. Section 159-181 governing enforcement of Chapter 159 makes the wilfull failure or refusal of a finance officer to perform any duty imposed on him by this Chapter a misdemeanor. A conviction under this statute would require the State to prove that defendant wilfully failed to determine that there were sufficient unencumbered funds to pay an obligation of the Town of Carolina Beach prior to incurring that obligation.

In applying the foregoing principles, it is obvious that the State does not have sufficient evidence on the essential element that the obligation in issue is an obligation of the Town of Carolina Beach. Throughout the trial, the State has based its theory of embezzlement, felonious approval of an invalid bill and wilfull failure to preaudit on the assumption that the obligation was defendant's personal obligation. This position is inconsistent with the duty to preaudit which does not arise until there is a valid obligation of the Town of Carolina Beach. All of the State's testimony indicates that the fence was purchased for defendant's own use and was never intended to be an obligation of the town. Defendant's motion to dismiss at the close of the State's evidence should have been allowed.

Reversed.

Judges HEDRICK and WELLS concur.