STATE OF NORTH CAROLINA v. JOYCE HINNANT HALES

No. 81A95

(Filed 6 September 1996)

**1. Criminal Law § 641 (NCI4th)— felony murder—State's announcement—court's submission of premeditation and deliberation**

The trial court did not err by submitting to the jury a charge of first-degree murder based on premeditation and deliberation after the district attorney announced at the pretrial and charge conferences that the State would not ask for a conviction based on premeditation and deliberation but would try defendant only for felony murder. The State did not make a binding election to proceed only on the theory of felony murder, and the trial court was not deprived of its right and duty to determine what bases for the offense the evidence would support because the district attorney had a different opinion.

**Am Jur 2d, Criminal Law §§ 512 et seq.; Homicide §§ 47, 112, 442, 474.**

**2. Homicide § 477 (NCI4th)— instruction on motive—failure to include absence of motive**

The trial court did not commit prejudicial error in a first-degree murder case by failing to include in its charge on motive an instruction that "the absence of motive is equally a circumstance to be considered on the side of innocence."

**Am Jur 2d, Homicide §§ 498, 502.**

**3. Evidence and Witnesses § 2363 (NCI4th)— fire intentionally set—expert testimony**

A witness accepted as an expert in the field of incendiary fires was qualified to render an opinion that a fire was intentionally set. Furthermore, the jury was not as able as the witness to form the opinion that the fire was purposely set, and the opinion of the witness was helpful to the jury in reaching its decision. N.C.G.S. § 8C-1, Rule 702.

**Am Jur 2d, Arson §§ 49, 50; Expert and Opinion Evidence § 407.**

**4. Homicide § 686 (NCI4th)— failure to instruct on accident—no plain error**

The trial court did not commit plain error by failing to charge on accident in a first-degree murder prosecution arising from the burning of a mobile home where the court gave an instruction on first-degree murder based upon an intentional killing with premeditation and deliberation, the jury found these elements beyond a reasonable doubt, and it is not likely the jury would have found that the killing occurred by accident.

**Am Jur 2d, Homicide §§ 498, 502, 506.**

**Homicide: burden of proof on defense that killing was accidental. 63 ALR3d 936.**

**5. Homicide § 709 (NCI4th)— failure to instruct on involuntary manslaughter—error cured by verdict**

Where the jury was properly instructed on first-degree and second-degree murder and thereafter returned a verdict of first-degree murder based on premeditation and deliberation, any error in the court's failure to instruct the jury on involuntary manslaughter is harmless even if the evidence would have supported such an instruction.

**Am Jur 2d, Homicide §§ 498, 531-533.**

**Modern status of law regarding cure of error, in instruction as to one offense, by conviction of higher or lesser offense. 15 ALR4th 118.**

**Lesser-related state offense instructions: modern status. 50 ALR4th 1081.**

**When should jury's deliberation proceed from charged offense to lesser-included offense. 26 ALR5th 603.**

**6. Homicide § 278 (NCI4th)— felony murder—underlying felony—gasoline and fire as deadly weapon**

There was sufficient evidence that the underlying felony of willfully setting fire to a dwelling of which defendant was an occupant was committed with a deadly weapon so as to support defendant's conviction of felony murder where evidence that defendant used gasoline and fire to burn a mobile home while it

was occupied would support a finding that the gasoline and fire were used in combination as a deadly weapon.

**Am Jur 2d, Homicide §§ 47, 112, 442, 474.**

**7. Homicide § 478 (NCI4th)— transferred intent—propriety of instruction**

The trial court did not err by instructing the jury that defendant would be guilty of first-degree murder under the doctrine of transferred intent if the jury found beyond a reasonable doubt that "defendant intended to kill another person with premeditation and deliberation and that by mistake she killed the deceased in this case" since the court's use of the word "mistake" related to the identity of the person intended to be killed and not to the manner of the killing.

**Am Jur 2d, Homicide §§ 498, 501.**

**8. Criminal Law § 775 (NCI4th)— voluntary intoxication— instruction in first-degree murder case—refusal to instruct in willful burning case**

In a prosecution for first-degree murder and willfully setting fire to a dwelling of which defendant was an occupant wherein the trial court instructed on voluntary intoxication as it affected defendant's ability to form an intent to kill, any error in the court's refusal to also instruct on intoxication in the burning case was harmless where the jury rejected defendant's contention that he was unable to form an intent to kill by finding her guilty of first-degree murder based on premeditation and deliberation, and it is unlikely the jury would have found that defendant did not have the ability to act willfully in the burning case had the instruction been given in that case.

**Am Jur 2d, Homicide §§ 128, 129, 498.**

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Farmer, J., at the 24 October 1994 Mixed Session of Superior Court, Johnston County, upon a verdict of guilty of first-degree murder. The defendant's motion to bypass the Court of Appeals as to an additional judgment was allowed 15 November 1995. Heard in the Supreme Court 14 March 1996.

**STATE v. HALES**

[344 N.C. 419 (1996)]

The defendant was tried for first-degree murder and for setting fire to the dwelling house of which she was an occupant. The State did not seek the death penalty. The State's evidence tended to show that the defendant poured gasoline on the mobile home in which she was living and set it on fire. Two men were in the mobile home at the time; one left the home, and the other died of carbon monoxide poisoning. The evidence showed that shortly before the fire, the victim communicated her intent to burn one of the victims in her mobile home. The defendant presented evidence that the burning was accidental.

The jury found the defendant guilty of felony murder and first-degree murder based on premeditation and deliberation. The jury also found the defendant guilty of willfully and wantonly setting fire to a dwelling place of which she was an occupant. The defendant was sentenced to life in prison for the murder and three years in prison to be served concurrently for the conviction on the burning charge.

The defendant appealed.

*Michael F. Easley, Attorney General, by John F. Maddrey, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Daniel R. Pollitt, Assistant Appellate Defender, for defendant-appellant.*

WEBB, Justice.

**[1]** In her first assignment of error, the defendant says the court should not have submitted to the jury the charge of first-degree murder based on premeditation and deliberation. She bases this argument on the action of the district attorney who announced at the pretrial conference that the State would not try the defendant for murder based on premeditation and deliberation, but would try her solely for felony murder. After the evidence had been presented, the district attorney said again at the charge conference that the State would not ask for a conviction based on premeditation and deliberation. The court stated that it would submit premeditation and deliberation to the jury as the basis for convicting the defendant of first-degree murder.

The defendant contends, relying on *State v. Jones*, 317 N.C. 487, 346 S.E.2d 657 (1986), and *State v. Hickey*, 317 N.C. 457, 346 S.E.2d 646 (1986), that the State made a binding election to proceed only on the theory of felony murder when it announced it would do so at the

pretrial conference and did not change its position. *Jones* and *Hickey* are not precedents for this case. In those two cases, we dealt with the question of whether the State could proceed with a prosecution for a crime after the State had announced it would seek a conviction only of a lesser degree of the crime. In this case, the State did not say it would seek a conviction of a lesser degree of a crime, but said it would not proceed on one theory to support the crime. The defendant in this case was not exposed to a greater degree of punishment by being tried for first-degree murder based on premeditation and deliberation as well as felony murder. The evidence and defense tactics should have been the same whether the theory of premeditation and deliberation was or was not submitted to the jury. The court was not deprived of its right and duty to determine what bases for the offense the evidence would support because the district attorney had a different opinion. Furthermore, we agree that there was sufficient evidence of premeditation and deliberation for the court to submit this theory. The defendant has not shown how she was prejudiced during the trial by this action of the court.

This assignment of error is overruled.

[2] The defendant next assigns error to the jury charge. The defendant says the court's "instruction on motive was incomplete, inadequate, inaccurate, and erroneous in law." The court charged the jury as follows:

> Now, motive in this case is not an essential element. It's something you may consider, but the State is not required to prove a motive in this case.

The defendant contends the court should have added to this instruction that "[t]he absence of motive is equally a circumstance to be considered on the side of innocence." The defendant says the court's charge contained all the law on motive favorable to the State and none of the law on absence of motive favorable to the defendant.

We cannot hold there was prejudicial error in the trial court's charge. When the court instructed the jury it could consider motive, the members could infer that absence of motive could be considered in determining guilt or innocence. The evidence against the defendant was strong. She told six people that she had burned the mobile home. This lapse in the charge could not have affected the jury verdict.

This assignment of error is overruled.

[3] The defendant next assigns error to the admission of testimony by Sanford West, Johnston County Fire Marshall and Emergency Management Officer. Mr. West testified that he had previously worked at Johnston County Community College as the fire and rescue training coordinator, that he had been a volunteer fire fighter for twenty-seven years, that he had several hundred classroom hours of fire and arson training, that he had investigated more than three hundred fires in the last six years, and that he had passed a state examination and had been certified as an arson investigator by the North Carolina Fire and Rescue Commission. The State then tendered and the court accepted Mr. West "as an expert in the field of incendiary fires, their causes and origins."

Mr. West testified as follows:

Q. And do you have an opinion as well, based on your investigation and analysis and your experience, as to the cause of this fire?

A. I would classify this as an incendiary fire or a human hands fire.

Q. And what do you mean by that?

A. That it was purposely started.

Q. And why is it that you say that?

A. Well, number one, there was no other reason for the fire to start in that area. There was no accidental causes that we could determine that would cause that fire . . . .

The defendant contends it was error to admit this testimony because Mr. West was not qualified to render an opinion on this subject, and his opinion was not of assistance to the jury. N.C.G.S. § 8C-1, Rule 702 (1992). The defendant concedes that the witness could opine as to the fire's point of origin, the pattern of burning, the physical cause of the fire such as the ignition of spilled gasoline, and his belief that it was a "human hands fire." She argues that Mr. West could not know any better than the jury whether the fire was accidental or intentional.

We believe Mr. West had sufficient knowledge to form an opinion that the fire was intentionally set. The fire started in an area in which an accident would not occur. It is unlikely that gasoline would accidentally be spilled in that area and that someone would then acci-

dentally set the gasoline ablaze. Mr. West could conclude the fire was set intentionally.

The defendant also contends that when Mr. West testified to the matters revealed in his investigation, including his opinion that it was a "human hands fire," the jury was as able to form the opinion that the fire was purposely set as the witness, and his opinion was not helpful to it. *State v. Cuthrell*, 233 N.C. 274, 63 S.E.2d 549 (1951).

The testimony of Mr. West was in regard to matters not within the knowledge of the average person, and it was helpful to the jury in reaching a decision. The witness stated his opinion as to the cause of the fire and then testified as to the matters upon which he based his opinion. In this we find no error. *State v. Eason*, 328 N.C. 409, 402 S.E.2d 809 (1991).

This assignment of error is overruled.

[4] The defendant next assigns error to the court's failure to charge the jury on accident. The defendant did not request the court to charge on accident or object to its failure to do so. We must examine this assignment of error under the plain error rule. *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983).

Although the court did not charge on accident, it charged on first-degree murder based on premeditation and deliberation. In this charge, the court instructed the jury that it must find the defendant intentionally killed the victim with premeditation and deliberation. Because the jury found these elements beyond a reasonable doubt, it is not likely it would have found the killing occurred by accident. There was not plain error in the failure to give this charge. *State v. Riddle*, 316 N.C. 152, 340 S.E.2d 75 (1986).

This assignment of error is overruled.

[5] The defendant next assigns error to the failure of the court to submit to the jury a charge of involuntary manslaughter. In *State v. Jones*, 339 N.C. 114, 451 S.E.2d 826 (1994), *cert. denied*, —— U.S. ——, 132 L. Ed. 2d 873 (1995); *State v. Hardison*, 326 N.C. 646, 392 S.E.2d 364 (1990); and *State v. Young*, 324 N.C. 489, 380 S.E.2d 94 (1989), we held that when a jury is properly instructed on the elements of first- and second-degree murder and thereafter returns a verdict of first-degree murder based on premeditation and deliberation, any error in the court's failure to instruct the jury on involuntary manslaughter is harmless even if the evidence would have supported such an in-

struction. The jury in this case was properly instructed on first- and second-degree murder. The defendant was found guilty of first-degree murder. If there was error in not charging on involuntary manslaughter, it was harmless.

This assignment of error is overruled.

[6] In her next assignment of error, the defendant contends that her murder conviction based on the felony murder rule must be vacated because there was insufficient evidence that the underlying felony was committed with a deadly weapon. The defendant says that this Court should hold that fire cannot be a deadly weapon and, alternatively, that fire was not a deadly weapon in this case.

Under N.C.G.S. § 14-17, "a killing occurring during the commission of a felony not specified in the statute is murder in the first degree only if the felony was committed or attempted with the use of a deadly weapon." *State v. Davis*, 305 N.C. 400, 423-24, 290 S.E.2d 574, 588 (1982). A deadly weapon is any article, instrument, or substance that is likely to produce great bodily harm or death. *State v. Sturdivant*, 304 N.C. 293, 301, 283 S.E.2d 719, 725 (1981). We have held that fire can be a deadly weapon according to its manner of use. *State v. Riddick*, 315 N.C. 749, 760, 340 S.E.2d 55, 61 (1986). In this case, there was evidence that the defendant used the gasoline and fire to burn the mobile home while it was occupied. The evidence clearly supports a finding that the gasoline and fire were used in combination as a deadly weapon.

This assignment of error is overruled.

[7] In her next assignment of error, the defendant argues that the trial court committed error by incorrectly instructing the jury on transferred intent. The trial court instructed as follows:

[M]embers of the jury, if you are satisfied beyond a reasonable doubt that the defendant intended to kill another person with malice and with premeditation and deliberation and that by mistake she killed the deceased in this case, then the defendant would still be guilty of first degree murder under this particular theory. That is called transferred intent.

The defendant contends that this instruction permitted the jury to find the defendant guilty even when the victim's mistaken death did not result from the act prompted by or originating from malice

toward the intended victim. She says that the trial court's use of the term "mistake" relieved the jury of its responsibility to determine the defendant's *mens rea* toward the victim and caused the jury to believe it could convict her of both offenses "even if . . . the fire and killing [were] a mistake."

We have stated that under the doctrine of transferred intent,

it is immaterial whether the defendant intended injury to the person actually harmed; if he in fact acted with the required or elemental intent toward someone, that intent suffices as the intent element of the crime charged as a matter of substantive law.

*State v. Locklear*, 331 N.C. 239, 245, 415 S.E.2d 726, 730 (1992). The trial court in this case properly instructed the jury that the theory of transferred intent is applicable only after a finding that the defendant intended to kill another person with premeditation and deliberation. The court's use of the word "mistake" related to the identity of the person intended to be killed, not the manner of killing. There was not error in this charge.

This assignment of error is overruled.

[8] In her last assignment of error, the defendant contends the court should have given her requested instruction on voluntary intoxication as it affected her ability to form an intent to kill and to willfully and wantonly burn a dwelling house. The court charged on intoxication as it affected the murder case, but refused to charge on intoxication in the burning case. The defendant argues that it was error not to charge on intoxication in both cases.

Assuming it was error not to charge on intoxication in the burning case, the defendant cannot show prejudice. In *State v. Kyle*, 333 N.C. 687, 430 S.E.2d 412 (1993), we held that it was harmless error not to charge on intoxication as it affected the defendant's ability to form the required intent for burglary and kidnapping when the court charged on intoxication as it affected the defendant's ability to form an intent to kill on a first-degree murder charge. We said a finding of guilty of first-degree murder based on premeditation and deliberation showed the jury had rejected the defendant's contention that he was unable to form an intent to kill, and it was not likely that the jury would have found the defendant incapable of forming intent on the burglary and kidnapping charges. *Id.* at 699, 430 S.E.2d at 418-19.

Pursuant to *Kyle*, we hold it was not prejudicial error not to charge on intoxication as it affected the burning case.

This assignment of error is overruled.

NO ERROR.