STATE OF NORTH CAROLINA v. MICHAEL ANTHONY COCKERHAM

No. COA97-650

(Filed 7 April 1998)

1. **Explosives or Fireworks § 16 (NCI4th)— attempting to injure another with an incendiary device—sufficiency of evidence**

There was substantial evidence of each element necessary to sustain defendant's conviction under N.C.G.S. § 14-49 for attempting to injure another by use of an incendiary device where defendant entered a grocery store, threw gasoline in the face of the attendant, left without igniting the gasoline after the attendant resisted, and a pack of matches was found on the floor of the store near the doorway through which defendant left. Although defendant contended that the gasoline was thrown merely as a distraction, when viewed in the light most favorable to the State, the testimony about the matches on the floor was sufficient evidence upon which the jury could reasonably conclude that there

was "some probability" that defendant intended to use the gasoline as an explosive or incendiary device.

**2. Robbery § 14 (NCI4th)— attempted armed robbery—dangerous weapon—gasoline**

There was sufficient evidence to support a conviction for attempted robbery with a dangerous weapon where defendant threw gasoline on a grocery store attendant but left before it was ignited. Although defendant argues that gasoline can only be considered a dangerous weapon when it is ignited, the gasoline here can be considered a dangerous weapon because a reasonable inference could be drawn that defendant planned to ignite the gasoline with matches found on the floor of the store, thereby placing the attendant in a life threatening position. N.C.G.S. § 14-87.

Appeal by defendant from judgment entered 2 February 1997 by Judge Catherine C. Eagles in Surry County Superior Court. Heard in the Court of Appeals 25 February 1998.

*Michael F. Easley, Attorney General, by George B. Autry, Jr., assistant attorney general, for the State.*

*Rabil & Rabil, by S. Mark Rabil, attorney for the defendant.*

WYNN, Judge.

Under N.C. Gen. Stat. § 14-49(a), a defendant may be charged with willfully and maliciously injuring another by use of an explosive or incendiary device if there is at least "some probability" that the subject device, compound, formulation or substance was capable of being used for destructive, explosive or incendiary purposes. *See also* N.C. Gen. Stat. § 14-50.1. Because there was "some probability" under the circumstances of this case that defendant planned to use the gasoline thrown on his victim as an explosive or incendiary device, we uphold his conviction for violating N.C. Gen. Stat. § 14-49(a). Furthermore, because we find that defendant's use of gasoline in this case amounted to the use of a "dangerous weapon" as contemplated by N.C. Gen. Stat. § 14-87, we uphold his conviction on the charges of attempted robbery with a dangerous weapon and conspiracy to commit robbery with a dangerous weapon.

The evidence presented at trial and accepted by the jury showed the following:

On 12 June 1996, Ronald Spicer was working at Haynes Grocery in Crutchfield, North Carolina when, at approximately 3:30 p.m., he noticed a car, driven by defendant and another individual, speeding into the parking lot of the store. Upon entering the store, the individual accompanying defendant ordered a beer and immediately thereafter, threw gasoline in the face of Mr. Spicer, burning his eyes and leaving his cheeks and throat red with irritation. Immediately thereafter, the defendant jumped on Mr. Spicer and began beating on his head with his fist. While struggling with the defendant, however, Mr. Spicer was able to grab and fire a gun he kept behind the store counter. After firing the gun twice, defendant released Mr. Spicer and headed for the door of the store. As defendant ran, however, Mr. Spicer fired a third shot, this time hitting defendant in the back.

At trial, Mr. Spicer testified that he fired as defendant ran because he was afraid and because he "was going to make sure nobody throwed a match to [him]." According to Mr. Spicer's wife, who also testified at trial, there was a pack of matches on the floor of the store near the doorway when she arrived at the scene. The detective assigned to investigate the robbery testified that he too saw a pack of matches on the floor of the store when called to the scene of the crime.

The jury convicted the defendant of attempting to maliciously injure with an incendiary material, attempted robbery with a dangerous weapon, and conspiracy to commit robbery with a dangerous weapon. Defendant now appeals to our Court.

## I.

[1] Defendant first argues that the trial court erred in failing to dismiss, upon his motion at the close of the State's evidence and at the close of all the evidence, the charge brought against him for attempting to injure another by use of an incendiary device or material. We disagree.

In ruling upon a defendant's motion to dismiss, the issue for the trial court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. *State v. Mercer*, 317 N.C. 87, 96, 343 S.E.2d 885, 890 (1986). If there is, then the motion is properly denied. *Id.* (citing *State v. Roseman*, 279 N.C. 573, 184 S.E.2d 289 (1971); and *State v. Mason*, 279 N.C. 435, 183 S.E.2d 661 (1971)). However, "[i]f the evidence is sufficient only to

raise a suspicion or conjecture as to either commission of the offense or the identity of the defendant as the perpetrator, the motion should be allowed." *Id.* (citing *State v. Cutler*, 271 N.C. 379, 156 S.E.2d 679 (1967); and *State v. Guffey*, 252 N.C. 60, 112 S.E.2d 734 (1960)). Finally, where the defendant's motion challenges the sufficiency of the evidence to sustain a particular charge, the court must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. *State v. Baker*, 338 N.C. 526, 528, 451 S.E.2d 574, 593 (1994).

In the present case, defendant challenges the sufficiency of the evidence to sustain the charge and his subsequent conviction for attempting to injure Mr. Spicer with gasoline in violation of N.C.G.S. § 14-49(a), which provides:

[a]ny person who willfully and maliciously injures another by use of any explosive or incendiary device or material is guilty of a Class D felony.

N.C.G.S. § 14-49(a) (1993).

Pertinent to this case, N.C. Gen. Stat. § 14-50.1 defines "explosive or incendiary device or material" as:

any instrument or substance capable of being used for destructive explosive or incendiary purposes against persons or property, when the circumstances indicate *some probability* that such instrument or substance will be so used;

N.C.G.S. § 14-50.1 (1969) (emphasis added).

Defendant concedes in his brief that gasoline is an "instrument or substance capable of being used for destructive explosive or incendiary purposes . . ." However, he contends that there was insufficient evidence presented at trial upon which the jury could have reasonably concluded that he and his co-defendant were planning to use the gasoline as an "explosive or incendiary device or material." According to defendant, his co-defendant threw gasoline onto Mr. Spicer merely to distract him so that they could then rob the store— neither of them, he argues, intended to use the gasoline as some form of explosive or fire bomb.

Notwithstanding defendant's self-proclamation of his subjective intentions, Mr. Spicer's wife and Detective Williams testified that they saw a pack of matches on the floor near the doorway of the store after the robbery. When viewed in the light most favorable to the

State, this was sufficient evidence upon which a jury could have reasonably concluded that there was "some probability" that defendant intended to use the gasoline doused on Mr. Spicer as an "explosive or incendiary device." Accordingly, we hold that there was substantial evidence of each element necessary to sustain defendant's conviction under N.C.G.S. § 14-49.

## II.

[2] Next, defendant argues that there was insufficient evidence presented at the close of the State's evidence and at the close of all the evidence to support his conviction for attempted robbery with a dangerous weapon. N.C. Gen. Stat. § 14-87 which defines robbery with a dangerous weapon provides in pertinent part that:

> (a) Any person or persons who, having in possession or with the use or threatened use of any firearm *or other dangerous weapon, implement or means*, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another of from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a Class D felony.

N.C.G.S. § 14-87 (1993) (emphasis added). Defendant contends that the gasoline doused on Mr. Spicer cannot be considered a dangerous weapon. He cites our Supreme Court's holding in *State v. Hales*, 344 N.C. 419, 474 S.E.2d 328 (1996). In *Hales*, the defendant appealed her conviction for first degree murder on the basis of a felony committed with the use of a deadly weapon. Specifically, the defendant was convicted of pouring gasoline on her occupied mobile home and then setting it on fire. In upholding the defendant's conviction, our Supreme Court held that "[t]he evidence clearly support[ed] a finding that the gasoline and fire were used in combination as a deadly weapon." *Id.* at 426, 474 S.E.2d at 332. Relying on this holding, defendant in this case argues that gasoline can only be considered a dangerous weapon when it is ignited, and that otherwise it is incapable of endangering life as is required by the armed robbery statute. We disagree.

Generally, a dangerous or deadly weapon is defined as any article, instrument or substance which is likely to produce death or great bodily harm under the circumstances of its use. *State v. Wiggins*, 78 N.C. App. 405, 406, 337 S.E.2d 198, 199 (1985) (citing *State v.*

*Sturdivant*, 304 N.C. 293, 301, 283 S.E.2d 719, 725 (1981)). Thus, sometimes, the dangerous or deadly character of a weapon depends more upon the manner of its use, and the condition of the person, than upon the intrinsic character of the weapon itself. *State v. Smith*, 187 N.C. 469, 121 S.E. 737 (1924). Accordingly, the relevant inquiry in this case is whether the gasoline doused on Mr. Spicer was used in such a manner so as to have endangered or threatened his life or bodily health. *See State v. Joyner*, 295 N.C. 55, 243 S.E.2d 367 (1978) (stating that the question in an armed robbery case is whether the person's life was in fact endangered or threatened by the defendant's use or threatened use of the weapon in question).

Based upon the circumstances of this case, we answer the foregoing question in the affirmative. As we have already noted, two witnesses testified that they saw a pack of matches on the floor of the store after the defendant's attempted robbery. The fact that those matches were not used to ignite the gasoline doused on the victim is, in our opinion, no different than a case in which a defendant attempts to rob a person with the use of a loaded gun, yet at no point during the robbery discharges that gun. Indeed, in such a case, the loaded yet undischarged gun would still be considered a "dangerous weapon" as its use places the victim in a potentially dangerous and life-threatening position. Similarly, the gasoline doused on Mr. Spicer, although never ignited, can also be considered a "dangerous weapon" because a reasonable inference could be drawn that defendant planned to ignite that gasoline with the matches found on the floor of the store, thereby placing Mr. Spicer in a life-threatening position. For this reason, we reject defendant's argument that the gasoline used in this case could not be considered a dangerous weapon because it was never ignited.

Given the above conclusion, we need not address the other arguments asserted by defendant regarding the propriety of his conviction for attempted armed robbery and his conviction for conspiracy to commit armed robbery. Accordingly, we find that the defendant in this case received a fair trial free from prejudicial error.

No error.

Judges JOHN and McGEE concur.