STATE OF NORTH CAROLINA v. RUSSELL ELLIOTT McALISTER, JR.

No. 8225SC213

(Filed 5 October 1982)

1. **Burglary and Unlawful Breakings § 5.3— attempted burglary—preparation to commit burglary—insufficiency of evidence**
     The evidence was insufficient to submit to the jury on the charges of attempted burglary and preparation to commit burglary where the evidence showed that defendant kicked the door of a person's home at night with a weapon in his possession after repeatedly ringing the doorbell, but there was no evidence of intent to commit a felony in the house if he gained entry. G.S. 14-51 and G.S. 14-55.

State v. McAlister

2. **Trespass § 12— forcible trespass and trespass after being forbidden to do so—sufficiency of the evidence**

Where defendant was on premises owned by another against the owner's will after being told not to come there less than two days before, and there was evidence from which it could be inferred that he was there to do harm to those inside the house, that he knew he was present against the owner's will, and that he acted with a show of force, the evidence was sufficient to charge the defendant with forcible trespass under G.S. 14-126 or trespass after being forbidden to do so under G.S. 14-134.

3. **Burglary and Unlawful Breakings § 7; Trespass § 12— forcible trespass and trespass—not lesser offenses of attempted first-degree burglary**

The trial judge was correct not to charge the jury on trespass or forcible trespass because they are not lesser included offenses of attempted first-degree burglary.

APPEAL by defendant from *Preston, Judge.* Judgment entered 20 October 1981. Heard in the Court of Appeals 22 September 1982.

Defendant was tried before a jury for attempted first degree burglary, preparation to commit burglary and assault.

The State's evidence tended to show that the defendant went to his former place of employment on 11 May 1981. While there, he hit and pulled the hair of Tom Long, an employee.

On 17 May 1981, the defendant went to Long's house and talked to his daughter, Carol. Tom Long, Jr., who was carrying a pistol in his belt, told the defendant twice to leave. Long, Jr. then physically escorted the defendant to his car. Long, Sr., who had a crowbar in his hand, was present during these events.

The defendant returned to the Long house on 19 May 1981 about 3:40 a.m. Members of the family observed a car that appeared to be the defendant's. After the doorbell rang repeatedly, Mrs. Long called the police.

Defendant left the front door and went to the side of the house. After looking at the upstairs window, he came back to the front door and rang the doorbell repeatedly. The sound of beating or kicking on the front door was heard. A crack across an oak panel, chipped paint, and mud on the door were observed the next day by the Longs.

When the police arrived, defendant was walking towards his car. The police saw that the defendant had a loaded and cocked

blue .45 caliber automatic in his holster. A loaded Nickel .22 Derringer was found in defendant's car, and he had two clips full of bullets in his back pocket.

Those who testified for defendant attested to his good character in the communities in which they lived. None of them knew anything about the events of May, 1981 except what was told them by the defendant's family. The defendant did not testify.

The jury returned guilty verdicts on all the charges. From the verdicts and a prison sentence, the defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General W. A. Raney, Jr. and Associate Attorney G. Criston Windham, for the State.*

*John F. Cutchin for the defendant appellant.*

ARNOLD, Judge.

While defendant makes eleven assignments of error, because of our disposition we only find it necessary to discuss two arguments in this opinion.

[1] First, defendant attacks the sufficiency of the evidence on the two burglary charges. He does not contest the assault conviction.

Burglary is defined in North Carolina by the common law and G.S. 14-51 as "the breaking and entering of the dwelling house of another in the nighttime with intent to commit a felony therein." *State v. Cooper*, 288 N.C. 496, 499, 219 S.E. 2d 45, 47 (1975). An attempt is generally defined as "an act done with intent to commit that crime, carried beyond mere preparation to commit it, but falling short of its actual commission." *See State v. Surles*, 230 N.C. 272, 275, 52 S.E. 2d 880, 882 (1949), and cases cited therein.

The facts of this case and the case law of our State lead to the conclusion that the elements of attempted burglary were not met here. Although the defendant did kick the front door with his foot to an extent that a panel was cracked, this evidence was insufficient to submit on the charge of attempted burglary. The evidence in *State v. Gibson*, 226 N.C. 194, 37 S.E. 2d 316 (1946), is similar to the evidence presented in the record before us.

In *Gibson*, the court found that the evidence of attempted burglary was insufficient to go to the jury based on the facts. Following a brawl between the defendants and a man named Lowndes, the defendants pursued Lowndes to his house and then to the house of his wife's employer. When they arrived there, the defendants called Lowndes to come outside, and he said that he would.

One of the defendants then went to the back door and began pushing it. Mrs. Lowndes pushed back against it, and the defendant did not come in. The defendant at the door had a shotgun. All witnesses heard a shot prior to the defendant coming to the door, and one witness heard a man say that if Lowndes did not come to the door they would shoot it down. The defendants left after a few minutes. In *Gibson*, the Supreme Court concluded that the evidence was insufficient on the attempted burglary charge but was sufficient on the charge of forcible trespass. We reach a similar conclusion in the case before us.

If the Supreme Court could not find attempted burglary based on the facts in *Gibson*, it is difficult to see how it could be present here. First, the pushing on the door in *Gibson* is equivalent to the kicking of the door here. Second, a gun was actually fired and threats were made to those inside the house in *Gibson*, unlike this case. Third, there had been an argument on the same night in *Gibson*, unlike this case. Thus, the facts of *Gibson* were even more compelling than in this case, but the court refused to find evidence of attempted burglary. The Supreme Court's succinct statement that "the evidence on the charge of attempted burglary is not sufficient to be submitted to the jury," *Gibson*, 226 N.C. at 199, 37 S.E. 2d at 319, is dispositive of defendant's argument here.

The *Surles* case that the State relies on can be distinguished on its facts. The court there found attempted burglary where a drunk, estranged husband who frequently beat his wife pursued her to her father's house. After being told to leave, he threatened to kill his wife and started cutting the window screen in an apparent attempt to get inside.

*Surles* is different in that the defendant clearly attempted to break and enter the dwelling. In addition, there was evidence of his intent to commit a felony, *i.e.*, murder, once he got inside. In

the case *sub judice*, the defendant only kicked the door after repeatedly ringing the doorbell, and no evidence of intent to commit a felony in the house if he gained entry was ever shown.

Preparation to commit burglary, the other felony with which defendant was charged, is defined by G.S. 14-55: "If any person shall be found armed with any dangerous or offensive weapon with the intent to break or enter a dwelling . . . and to commit any felony or larceny therein. . . ." Even though defendant did have a gun with him on 19 May 1981, the conclusion above that evidence of the necessary intent is missing mandates a reversal of the conviction for this offense.

[2] Although we reverse both burglary convictions, we see no obstacle to the District Attorney indicting the defendant for forcible trespass under G.S. 14-126, or trespass after being forbidden to do so under G.S. 14-134. Defendant was on premises owned by another against the owner's will after being told not to come there less than two days before. From the evidence it can be inferred that he was there to harm those inside the house, that he knew that he was present against the owner's will, and that he acted with a show of force. All of these factors are to be considered in establishing the offense of forcible trespass. *See, Gibson*, 226 N.C. at 200, 37 S.E. 2d at 319. 12 Strong's N.C. Index 3d *Trespass* § 12 (1978).

[3] Defendant's contention that forcible trespass and trespass are lesser included offenses of attempted first-degree burglary is unconvincing. An examination of the elements of these offenses shows the trespass offenses are not lesser included offenses.

For a crime to be a lesser included offense of another crime, the greater crime must contain all of the essential elements of the lesser crime. *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970). That is not the case here. Attempted first degree burglary does not require a commandment forbidding entry or an order to leave as does trespass under G.S. 14-134. It also does not require that the defendant enter the lands of another by force, threats of force or a show of strength by a multitude of people, as does forcible trespass under G.S. 14-126. Thus, the trial judge was correct not to charge the jury on trespass or forcible trespass because they are not lesser included offenses of attempted first-degree burglary. Moreover, because we find insufficient evidence on the

breaking and entering elements, we also hold that it was correct not to charge the jury on the offenses of attempted felonious and non-felonious breaking and entering.

Since we find that the evidence was insufficient on the burglary offenses, it is not necessary to discuss defendant's other assignments of error. We reverse the guilty verdicts on the two burglary offenses. The assault conviction stands.

As to the burglary and preparation to commit burglary convictions, reversed. As to the assault conviction, no error.

Judges MARTIN and WHICHARD concur.