STATE OF NORTH CAROLINA v. CLAWSON L. WILLIAMS

No. 8920SC479

(Filed 1 May 1990)

1. **Corporations § 16.1 (NCI3d) — sale of unregistered stock — evidence insufficient**

   There was insufficient evidence to support a conviction for the sale of unregistered stock where the circumstances of the case did not indicate that defendant sold the unregistered stock certificates in question and his actions did not meet the definitional test for a sale set out in N.C.G.S. § 78A-2(8)a and N.C.G.S. § 78A-24. The definition of sale does not include the mere signing of a stock certificate by a corporate officer and defendant's actions did not constitute a sale under *Pinter v. Dahl*, 486 U.S. 622, because there was neither evidence at trial that he was the owner of the security nor that he was the one who successfully solicited the purchase, motivated at least in part by a desire to serve his own financial interests or those of the securities owner.

   **Am Jur 2d, Securities Regulation — State §§ 15, 29, 100, 102.**

2. **Corporations § 16.1 (NCI3d) — sale of stock — unregistered salesman — evidence insufficient**

   The evidence was insufficient to support a conviction for selling stock as an unregistered salesman because defendant did not sell the unregistered security in question. N.C.G.S. § 78A-36.

   **Am Jur 2d, Securities Regulation — State §§ 15, 29, 100, 102.**

3. **Corporations § 16.1 (NCI3d) — sale of stock — failure to disclose risks — evidence insufficient**

   The evidence was insufficient to convict defendant of violating N.C.G.S. § 78A-8 by failing to disclose risks in the sale of stock where defendant did not participate in any way in the offer, sale, or purchase of the security.

   **Am Jur 2d, Securities Regulation — State §§ 15, 29, 100, 102.**

APPEAL by defendant from judgment entered 10 November 1988 by *Judge Melzer A. Morgan* in MOORE County Superior Court. Heard in the Court of Appeals 9 January 1990.

STATE v. WILLIAMS

[98 N.C. App. 274 (1990)]

On 16 May 1988, defendant was indicted for three separate violations of the North Carolina securities laws: (1) N.C. Gen. Stat. § 78A-24 (1985), wilful failure to register a security prior to sale or offer to sell; (2) § 78A-36, wilful failure to register as a securities dealer or salesman prior to transacting business by selling a security; and (3) § 78A-8, wilful failure to disclose the risks of an investment or material facts to the buyer of a security.

Defendant was tried before a jury on the above felony charges on 7 November 1988. The jury returned verdicts of guilty on all three counts on 10 November 1988. On 20 December 1988, the trial court sentenced defendant to one year's imprisonment, suspended for five years on each count.

Defendant filed a motion for appropriate relief on 19 December 1988, which was denied on 13 January 1989. From his conviction on 10 November 1988, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Ellen B. Scouten, for the State.*

*Van Camp, West, Webb & Hayes, by James R. Van Camp, for defendant-appellant.*

ORR, Judge.

Defendant contends that the State failed to present sufficient evidence to prove any of the offenses charged. For the reasons set forth below, we agree with defendant and reverse his convictions on all counts.

Defendant's indictments on 16 May 1988 arose from his alleged participation in selling an unregistered stock in Moore Advantage Corporation. The evidence tends to show that prior to March 1983, defendant, an attorney, drafted the articles of incorporation for Moore Advantage Corporation (hereinafter Advantage) at the request of Fred Lawrence (hereinafter Lawrence). Defendant had prepared deeds and drafted articles of incorporation for numerous corporations at Lawrence's request prior to drafting those for Advantage. Many of these corporations were formed to finance and purchase land for Seven Lakes Development, which was formed by Lawrence around 1971.

In February or March 1982, Lawrence was enjoined by the Securities and Exchange Commission (S.E.C.) and the Secretary

of State of North Carolina from further violations of the securities laws. Lawrence allegedly had several securities registration violations in 1981 and 1982 in connection with Seven Lakes Development. The evidence established that defendant knew that Lawrence had been at least warned by the S.E.C. when defendant drafted the articles of incorporation for Advantage. Defendant testified that he did not know the specifics of the S.E.C. investigation until after 11 March 1983.

The articles of incorporation for Advantage were signed on 2 March 1983, naming defendant, Jon Giles and Warren Grant as the original directors. The initial meeting of the board of directors was scheduled for 11 March 1983. On 11 March 1983, Leo Van Leiderkerke, who had been contacted by Lawrence in January 1983 about a possible investment in Advantage, tendered to Lawrence a check for $30,000.00 for stock in Advantage prior to the board's official meeting. There were eight equal shareholders in Advantage, including defendant and Van Leiderkerke, and all but one (Giles) attended the 11 March 1983 meeting. At the meeting, Dr. Dennis Deibler was elected president and defendant was elected secretary-treasurer.

The stock certificates to each of the shareholders, including Van Leiderkerke, had been typed previously by Lawrence's bookkeeper, Joann Halverstadt. After the election of officers, Dr. Deibler and defendant signed the certificates in their official capacity as officers, and then distributed them to the individual shareholders. At no time during the meeting did defendant offer any information concerning Lawrence's alleged S.E.C. violations.

Van Leiderkerke never discussed his purchase of stock in Advantage with defendant and paid Lawrence for the stock prior to the meeting. Van Leiderkerke testified that had he known of Lawrence's alleged S.E.C. violations, he would not have purchased stock in Advantage.

Defendant stipulated prior to trial that the security (stock certificate) issued to Van Leiderkerke on 11 March 1983 was unregistered in violation of § 78A-24, and that the security was required to be sold by a registered dealer and salesman under § 78A-36.

At the close of the State's evidence and at the close of all the evidence, defendant moved to dismiss all charges because there

was insufficient evidence presented at trial. Upon defendant's conviction on all counts, defendant moved for appropriate relief to set aside the verdict, which the trial court denied.

[1] Defendant first contends that although unregistered stocks in Advantage were sold, neither his signing of the stock certificates at the 11 March meeting nor any other action on his part constitutes a sale under Chapter 78A.

Under § 78A-2(8)a., "sale" is defined as "every contract of sale of, contract to sell, or disposition of, a security or interest in a security for value."

The State relies upon *State v. Franks*, 262 N.C. 94, 136 S.E.2d 623 (1964) for the proposition that a court must look at all the facts in a particular case to determine if a "sale" of securities occurred. The State argues and presented evidence at trial that the following circumstances prove that defendant sold an unregistered security under *Franks* and in violation of § 78A-24.

a. Defendant prepared the Articles of Incorporation, ordered the stock book and minute book, and received a legal fee from Moore Advantage Corporation for this legal work;

b. Defendant listed himself as an incorporator, and initial director, and initial registered agent on the Articles of Incorporation;

c. Defendant attended the initial meeting of directors;

d. Defendant was an investor in the corporation;

e. Defendant was an officer in the corporation;

f. Defendant was present when the developer gave the sales pitch to those present;

g. Defendant was present when Leo Van Leiderkerke gave his check to Fred Lawrence for the stock;

h. Defendant signed the stock certificates as an officer; and

i. Defendant was present when the signed stock certificates were distributed.

Defendant does not deny a. through e. or h. and i. above. Evidence of those facts is uncontroverted. Defendant argues that there was no evidence presented that Lawrence gave a sales pitch

at the 11 March meeting or that defendant was present when Van Leiderkerke gave his check to Lawrence. We agree.

First, Joann Halverstadt, Lawrence's secretary and bookkeeper who was present at the meeting to take notes and prepare the minutes, testified that the minutes reflect that during the meeting, the officers were elected and defendant then signed the stock certificates in his capacity as secretary of the corporation. Ms. Halverstadt testified that she had already typed the names of the stock recipients, the number of shares, the date and which officers were signing on the certificates prior to this meeting. The stock certificates were then given to their respective owners.

Van Leiderkerke testified that he had never met defendant prior to the 11 March meeting. He testified that the meeting took place as the minutes reflected, and that Lawrence spoke at the meeting concerning the purpose of Advantage, which was to invest in local secured mortgages to yield a high return for the investors. Van Leiderkerke testified that Lawrence spoke at the meeting in general terms, which was "basically . . . the same conversation" that he had with Lawrence prior to the meeting. We find that the above testimony does not prove that a "sales pitch" took place at the 11 March meeting and the evidence is uncontradicted that the parties present had previously agreed with Lawrence to purchase the stock and tendered payment.

Second, Van Leiderkerke testified that he gave his check for $30,000.00 for the stock to Lawrence on 11 March prior to the meeting. Although defendant may have been present in the room when Van Leiderkerke gave his check to Lawrence (and there is no evidence that he was or was not present), there is no evidence that defendant was a part of, or even observed, this transaction.

Therefore, we hold that under *Franks*, the circumstances of the case *sub judice* do not indicate that *defendant* sold the unregistered stock certificates in question and that his actions do not meet the definitional test for a sale as set out in §§ 78A-2(8)a. and 24.

In addition, the State argues that defendant's signing the stock certificate constituted a sale under Chapter 78A. Although we agree that "sale" should be broadly construed under § 78A-(8)a., we do not find that the definition of "sale" includes the mere signing of a stock certificate by a corporate officer.

STATE v. WILLIAMS

[98 N.C. App. 274 (1990)]

The State cites *Pinter v. Dahl,* 486 U.S. 622, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988), for the proposition that a seller is one who passes title (or other interest in the security), to the buyer for value. In reviewing *Pinter,* we find that it does not state the above proposition in the same manner. *Pinter* states that an *owner* of a security is liable as a seller when the *owner* passes title, or other interest in the security, to the buyer for value. *Id.* at 642, 108 S.Ct. at 2076, 100 L.Ed.2d at 679.

The State also maintains that defendant meets the second test in *Pinter* to determine if a person "sold" a security because defendant received personal financial benefit or financial benefit for another. The only evidence of defendant's personal financial benefit presented at trial is that he received a standard attorney's fee for incorporating Advantage. The State also asserts that Van Leiderkerke's investment enhanced defendant's investment. While this may be true, there was no evidence before the jury explaining how defendant's investment was enhanced or that defendant's investment was, in fact, enhanced in any way.

Further, the Supreme Court in *Pinter* placed great emphasis on the *solicitation* of the buyer as the "most critical stage of the selling transaction." *Id.* at 646, 108 S.Ct. at 2078, 100 L.Ed.2d at 682. All the evidence in the case *sub judice* indicates that defendant never solicited Van Leiderkerke's investment in any way and, in fact, never met Van Leiderkerke until 11 March 1983. The uncontroverted evidence is that *Lawrence* solicited Van Leiderkerke's participation in Advantage, and that Lawrence arranged to sell the stock in Advantage.

Therefore, we hold that defendant's actions do not constitute a "sale" and defendant is not a "seller" under *Pinter v. Dahl,* because there was neither evidence at trial that he was the owner of the security, nor that he was the one who "successfully solicit[ed] the purchase, motivated at least in part by a desire to serve his own financial interests or those of the securities owner." *Id.* at 647, 108 S.Ct. at 2078, 100 L.Ed.2d at 682.

[2] Defendant next contends that he did not violate § 78A-36, which requires that any person transacting "business in this State as a dealer or salesman [must be registered] under this Chapter." Because we hold that defendant did not sell the unregistered security in question, he was not a "salesman" (or a dealer), and therefore was not subject to the requirements of § 78A-36.

[3] Finally, defendant contends that there was insufficient evidence presented at trial to convict him of violating § 78A-8. Under § 78A-8,

It is unlawful for any person, in connection with the offer, sale or purchase of any security, directly or indirectly:

(2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, . . . .

Sec. 78A-8 closely parallels the S.E.C. Rule 10(b)-5 antifraud provision, which is designed to ensure that investors are aware of market risks. *Skinner v. E. F. Hutton & Co.*, 70 N.C. App. 517, 520, 320 S.E.2d 424, 427 (1984), *aff'd in part and rev'd in part*, 314 N.C. 267, 333 S.E.2d 236 (1985). Under the statute, to determine if an omitted fact is material, evidence must be presented that "there is a substantial likelihood that a reasonable [purchaser] would consider it important in deciding [whether or not to purchase]." *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 449, 96 S.Ct. 2126, 2132, 48 L.Ed.2d 757, 766 (1976).

The State contends that under § 78A-8, defendant should have disclosed to Van Leiderkerke at the 11 March meeting that the investment in Advantage was risky because the stock was unregistered, that Lawrence had formed a large number of corporations and businesses in connection with Seven Lakes, that the capital for Advantage was being financed on credit, and that Lawrence had received a warning from the S.E.C. against selling securities in violation of S.E.C. regulations. The State's contentions are without merit.

Sec. 78A-8(2) applies only when the alleged material statements are made or omitted "in connection with the *offer, sale or purchase* of any security, . . . ." (Emphasis added.) We found above that the offer and sale of the security in question occurred prior to the 11 March 1983 meeting, and that defendant did not participate in any way in such offer or sale. We further find that defendant did not participate in the *purchase* of such security.

Although "purchase" is not defined in Chapter 78A, it is generally defined as "obtain[ing] merchandise by paying money or its equivalent." Webster's Third New International Dictionary (1968). *See also* Black's Law Dictionary 1110 (5th ed. 1979) ("Purchase. Transmission of property from one person to another by voluntary

act and agreement, founded on valuable consideration."). Van Leiderkerke testified at trial that he gave his check for $30,000.00 to Lawrence prior to the beginning of the business meeting and election of officers on 11 March 1983. There is no evidence in defendant's testimony, or the testimony of any other witness present at the 11 March 1983 meeting, that defendant observed or was present when Van Leiderkerke gave his check to Lawrence for the security.

Therefore, we find that there is simply no evidence in the record before us that defendant acted or failed to act under § 78A-8, "in connection with the offer, sale or purchase of any security, . . . ." This statute does not pertain to the specific circumstances surrounding defendant's acts or omissions at the 11 March 1983 meeting. Moreover, the scope of § 78A-8 applies only to those "persons who sell or offer to sell [a security] . . . ." N.C. Gen. Stat. § 78A-63(a) (1985).

For the reasons set forth above, we reverse defendant's convictions on all counts.

Reversed.

Judges PHILLIPS and LEWIS concur.