STATE OF NORTH CAROLINA v. DOUGLAS BERWIN BENNETT

No. COA98-266

(Filed 2 February 1999)

**Crimes, Other— damaging occupied property by incendiary device—insufficient evidence of measurable damage—remand for judgment for attempt**

The State's evidence was insufficient to support defendant's conviction of maliciously damaging occupied property by an incendiary device in violation of N.C.G.S. § 14-49.1 because it failed to show measurable damage where it tended to show that defendant ignited his blue jeans outside his jail cell and that the fire left a burned spot which was only slightly visible after it was stripped and waxed. However, by finding defendant guilty of the charged offense, the jury necessarily found that defendant committed all of the elements of the lesser offense of an attempt to maliciously damage occupied property by an incendiary device, and the case is remanded for entry of judgment for the lesser offense.

Judge JOHN dissenting.

STATE v. BENNETT

[132 N.C. App. 187 (1999)]

Appeal by defendant from judgment entered 15 October 1997 by Judge Michael E. Beale in Anson County Superior Court. Heard in the Court of Appeals 19 November 1998.

*Attorney General Michael F. Easley, by Special Deputy Attorney General J. Allen Jernigan, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Danielle M. Carman, for defendant-appellant.*

WALKER, Judge.

The defendant was convicted of maliciously damaging occupied real property by using an incendiary device under N.C. Gen. Stat. § 14-49.1 and was sentenced to an active term of 120 to 153 months. The State's evidence tended to show the following: On 10 February 1997, Deputy Wayne Hasenmayer of the Anson County Sheriff's Department went to defendant's mother's home to attempt to serve an arrest warrant on defendant for damaging real property. Defendant was standing outside the home wearing blue jeans and a t-shirt. Hasenmayer noticed the defendant smelled strongly of alcohol. When Hasenmayer asked defendant to come with him, defendant stated that he was not going to jail and pushed the deputy away. Hasenmayer sprayed defendant with pepper spray and defendant ran away. Hasenmayer chased defendant for approximately 500 feet before both men tripped in some weeds. They struggled on the ground before Hasenmayer handcuffed defendant.

Hasenmayer transported defendant to the Anson County Jail where they arrived at about 11:15 p.m. Hasenmayer attempted to decontaminate defendant by using a water hose to wash off the pepper spray, but defendant was uncooperative. Hasenmayer testified that defendant was "angry with everybody at that point." Hasenmayer and another officer patted defendant down and placed him in cell number one which is in the single cell section of the jail. Hasenmayer then left to resume his duties.

At about 11:30 p.m., Hasenmayer was dispatched back to the jail to assist with a fire that had been reported. Hasenmayer testified that there was smoke throughout the jail but that it was heaviest in the single cell section of the jail. He helped move some of the inmates including defendant out of the areas where the smoke was too thick. In front of cell number one, where defendant had been placed,

STATE v. BENNETT

[132 N.C. App. 187 (1999)]

Hasenmayer found the remains of a pair of blue jeans that had been burned, although they were no longer on fire. He collected what remained of the jeans and placed them in a plastic bag. He noticed there was a scorched mark on the concrete floor where the jeans had burned. He also found a red lighter on top of the commode in cell number one. Hasenmayer testified that defendant was wearing sweat pants when he was moved out of his cell, not the jeans he had on when arrested.

Jailer Tracy Wilhoit testified that he and Hasenmayer had patted defendant down before leaving him in the cell and had emptied his pockets of everything that defendant "wasn't supposed to have." After placing defendant in the cell, Wilhoit returned to the front of the jail. Out of the window at the jailer's station, he saw a blaze in front of defendant's cell approximately three or four feet high. He put the fire out with an extinguisher and he proceeded to evacuate the affected portion of the jail.

Jail Administrator Doris Tillman testified that there were 38 inmates in the jail at the time of the fire along with jailers and other law enforcement officers. She testified further that the jail had a cement tile floor, concrete walls, and steel doors. The burned spot in front of the cell was cleaned, stripped and waxed after the fire. Tillman testified, "It's still small stains on the floor but you couldn't know. You can tell it has been burn (sic), but if you don't know it was burnt then you don't know whether the stain is still there or not."

Defendant first contends that the trial court erred by denying his motions for dismissal due to insufficient evidence made at the close of State's evidence and at the end of all the evidence. He argues that there was insufficient evidence to prove the elements of the offense under N.C. Gen. Stat. § 14-49.1: defendant willfully and maliciously damaged real property which was occupied at the time by using an incendiary device.

When reviewing a motion to dismiss for insufficient evidence, "the trial court must consider the evidence in the light most favorable to the State and give the State every reasonable inference to be drawn therefrom," but substantial evidence must exist to show the essential elements of the crime charged and that the defendant was the perpetrator of the crime. *State v. Elliot*, 344 N.C. 242, 266, 475 S.E.2d 202, 212 (1996), *cert. denied*, —— U.S. ——, 137 L. Ed. 2d 312 (1997).

STATE v. BENNETT

[132 N.C. App. 187 (1999)]

Defendant first argues that the State presented insufficient evidence that the jail was damaged to a measurable degree. After a careful review of the record in this case, we agree.

The State presented evidence from Hasenmayer who testified that there was a "spot on the floor" that had been "burnt and scorched." In addition, Jail Administrator Tillman testified that "I just had to have certain spots stripped over and waxed over where it was burnt at" and that the stains were not visible unless the observer knew where to look.

N.C. Gen. Stat. § 14-49.1 was amended in 1993 so that it now reads as follows:

Any person who willfully and maliciously damages any real or personal property of any kind or nature, being at the time occupied by another, by the use of any explosive or incendiary device or material is guilty of a felony punishable as a Class D felony.

N.C. Gen. Stat. § 14-49.1 (1993). The amendment removed "attempts to damage" from the statute which now requires there be measurable damage in order to be convicted under this provision. *See* 1993 N.C. Sess. Laws ch. 539, § 1150.

Since the legislature removed the prohibition against an attempt to damage from the statute, the level of damage now required to fall within the purview of this statute must be at least a measurable amount. In this case, the evidence only shows that a mark was left which, after the ward was stripped and waxed, was slightly visible. Thus, we find that the State's evidence shows the defendant's actions to be no more than an attempt to damage the jail since there was no measurable damage resulting from his actions.

Typical cases under this statute have involved explosions which damaged or destroyed houses, vehicles, and other property. *See e.g.*, *State v. Sellers*, 289 N.C. 268, 221 S.E.2d 264 (1976) (vehicle destroyed); *State v. Conrad*, 275 N.C. 342, 168 S.E.2d 39 (1969) (vehicle destroyed and nearby house damaged); *State v. Little*, 286 N.C. 185, 209 S.E.2d 749 (1974) (building damaged by explosion). The State argues that the degree of damage is not relevant, *citing State v. Bindyke*, 25 N.C. App. 273, 212 S.E.2d 666, *reversed on other grounds*, 288 N.C. 608, 220 S.E.2d 521 (1975). In *Bindyke*, conspirators burned the mayor's lawn by using gasoline in milk jugs. This case is distinguishable, however, because the burning of the lawn apparently resulted in measurable damage which was not at issue in the case.

Accordingly, because the State's evidence of damage to the jail does not rise to the level of measurable damage contemplated by the statute, we must vacate defendant's conviction under N.C. Gen. Stat. § 14-49.1.

However, the State presented sufficient evidence to support a conviction for the attempt to commit this crime. Even though "attempts to damage" was removed from the statute, the defendant can properly be convicted for an attempt to commit this crime which is punishable under N.C. Gen. Stat. § 14-2.5 at one classification lower than the offense charged. *See* N.C. Gen. Stat. § 14-2.5 (Cum. Supp. 1997). "By statute in North Carolina, an indictment charging a completed offense is deemed sufficient to support a conviction for an attempt to commit the crime charged. . . . This statute applies even though the completed crime and the attempt are not in the same statute." *State v. Slade*, 81 N.C. App. 303, 306, 343 S.E.2d 571, 573, *disc. review denied*, 318 N.C. 419, 349 S.E.2d 604 (1986) (citations omitted); *See* N.C. Gen. Stat. § 15-170 (1983).

By finding the defendant guilty of the charged offense, the jury necessarily found facts that would support a conviction on all of the essential elements of the lesser offense. *See State v. McCoy*, 79 N.C. App. 273, 339 S.E.2d 419 (1986). Because we hold that there was insufficient damage as a matter of law to support a conviction under N.C. Gen. Stat. § 14-49.1, the case is remanded for entry of judgment and appropriate sentencing for the offense of attempted malicious damage to occupied property by use of an incendiary device, punishable as a Class E felony. *See e.g., McCoy*, 79 N.C. App. at 276, 339 S.E.2d at 421; *State v. Wilson*, 128 N.C. App. 688, 497 S.E.2d 416, *disc. review improvidently allowed*, 349 N.C. 289, 507 S.E.2d 38 (1998).

We have reviewed defendant's remaining assignments of error and find them to be without merit.

Vacated and remanded.

Judge McGEE concurs.

Judge JOHN dissents.

Judge JOHN dissenting.

The majority reasons that legislative deletion of "attempt," *see* 1993 N.C. Sess. Laws ch. 539, § 1150, from N.C.G.S. § 14-49.1 (1997),

now requires evidence of significant measurable damage for a defendant to be convicted of violation of the statute and that evidence of such damage was not presented in the case *sub judice*. I do not agree and therefore respectfully dissent.

The majority cites no case law or statutory authority to support its imposition of a substantial measurable damage element to complete an offense under G.S. § 14-49.1. Concededly, the cases relied upon by the majority indeed involved serious damage, but the extent and nature of damage was not an issue therein. Moreover, the evidence in the instant case was not of an attempt, but rather of ignition by defendant of his blue jeans, resulting in scorching and staining of the jail floor and filling the jail with heavy smoke requiring evacuation of five inmates. *See State v. McAlister*, 59 N.C. App. 58, 60, 295 S.E.2d 501, 502 (1982), *disc. review denied*, 307 N.C. 471, 299 S.E.2d 226 (1983) (completion of offense distinguished from attempt, *i.e.*, an act done with specific intent to commit a crime but which falls short of actual commission); *see also State v. Shaw*, 305 N.C. 327, 344, 289 S.E.2d 325, 334 (1982) (actual burning completes crime; no evidence of an attempt to burn which failed); and *State v. Cockerham*, 129 N.C. App. 221, 225-26, 497 S.E.2d 831, 833-34, *disc. review denied*, 348 N.C. 503, S.E.2d (1998) (matches nearby and gasoline thrown on individual but never ignited supported attempt to injure maliciously with incendiary material). This evidence was sufficient for the jury to find that damage, albeit not "substantial," occurred. *See State v. Oxendine*, 305 N.C. 126, 129-30, 286 S.E.2d 546, 548 (1982) (evidence of heavy smoke and burn patches on wall sufficient to constitute "burning" for arson even though damage minor and repairable).

In short, I do not believe that the permanency and extent of damage constitute elements of the offense proscribed by G.S. § 14-49.1. Hence, evidence herein that the floor stain was almost completely removed and that smoke from the fire at issue was cleared within approximately thirty minutes was not dispositive as a matter of law to show no damage had occurred. Accordingly, I vote no error.