MARTIN, Chief Judge.
 

 Defendant appeals from a judgment imposing an active sentence of imprisonment entered upon his conviction by a jury of possession of cocaine with intent to sell and deliver in violation of
 
 N.C. Gen. Stat. § 90-95
 
 (a)(1)(2003).
 

 At trial, the State offered evidence tending to show that on 7 April 2001, Shelby Police Department Sergeant Michael Ballen arrived at 1005 Buffalo Street, responding to a call from a woman in the neighborhood reporting that three men armed with guns were in a parked car outside her apartment. Through his undercover experience with drug deals, Sergeant Ballen was trained to look for and recognize odd mannerisms in suspected drug dealers. As Sergeant Ballen was approaching the vehicle, the back seatpassenger ducked out of sight. Sergeant Ballen saw no movement coming from the front seat, which was high and designed in such a way that anyone reaching from the front seat into the back would have been noticed. As Sergeant Ballen was looking in the car, he spotted a plastic bag, appearing to contain crack cocaine, partially covered with a pair of pants, on the floor beside defendant's right foot and within his arm's reach.
 

 Shelby Police Department Officers Walter Currier and Ernest Godfrey also responded to the call. As Officer Currier approached the vehicle, he saw one person, defendant, sitting just off center in the back seat. Officer Currier also saw the package on the floor and, based on his observations and experience, he believed it contained contraband. Brian Lee Mellon was in the driver's seat. The package would not have been accessible from the front seat because of the way the seat was designed.
 

 No drugs were found on the persons of any of the passengers and only Larry Wilkie, the front seat passenger, had any cash in his possession. Sergeant Ballen seized the package that was on the floor in the back seat as well as another bag of drugs, containing what appeared to be powder cocaine, that he found hidden in a pile of clothes in the back seat. After separating and questioning all three passengers, defendant was arrested and Mellon and Wilkie were released. Special Agent Joseph D. Revis, in charge of the Western Regional Lab for the State Bureau of Investigation, analyzed the two bags taken from the car, finding 2.5 grams of powder cocaine and a crack cocaine "cookie." Brian Lee Mellon testified that he paged defendant, who provided cocaine for him "like every weekend," to see if he could get some cocaine for his uncle, Wilkie. Mellon and Wilkie received a phone call back from defendant telling them to meet him at 1005 Buffalo Street. When Mellon and Wilkie arrived, defendant got into the back seat of the car with two bags of cocaine and handed some to Wilkie. Before Wilkie could give defendant any money, the police arrived and Wilkie swallowed the cocaine. Mellon saw defendant moving around in the back seat when the police arrived and did not see him get out of the car with any cocaine.
 

 Defendant offered evidence and testified in his own behalf. According to defendant, Mellon, from whom he had bought cocaine in the past, had come to bring him some cocaine, rather than as testified by Mellon. Defendant's former girlfriend, Waukesha Rankin, testified that she was home on the day in question and heard defendant make a phone call to someone to get some cocaine. She had also heard defendant call Mellon in the past for cocaine.
 

 Defendant's first argument is that he received ineffective assistance of counsel at his trial. Defendant contends his trial counsel: (1) failed to file a motion to suppress to challenge Sergeant Ballen's initial seizure of defendant, (2) failed to object to the prosecutor's improper and leading questions of the State's witnesses, and (3) failed to move to dismiss the charges, resulting in a failure to preserve the sufficiency of the evidence for appellate review. According to N.C.R. App. P. 10(c)(1):
 

 An assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references. Questions made as to several issues or findings relating to one ground of recovery or defense may be combined in one assignment of error, if separate record or transcript references are made.
 

 N.C.R. App. P. 10(c)(1). Appellate review is limited to the questions raised in the assignments of error contained in the record on appeal; if the issue in the brief does not correspond to the assignment of error, it cannot be considered.
 
 State v. Thomas,
 

 332 N.C. 544
 
 , 554,
 
 423 S.E.2d 75
 
 , 80 (1992).
 

 Neither defendant's first or second contentions are referred to in his assignments of error contained in the record on appeal and, therefore, cannot be argued now. N.C.R. App. P. 10 (a), 10(b)(1). Defendant's assignment of error regarding his claim of ineffective assistance of counsel refers only to that part of the record and transcript at which his trial counsel failed to renew defendant's motion to dismiss at the close of all of the evidence. Since this is the only "clear and specific" reference to the record or transcript, this is the only contention properly before us.
 

 The Sixth Amendment guarantees reasonably effective, not perfect, assistance of counsel. In order to prove ineffective assistance of counsel, defendant must prove both that the representation fell below an objective standard of reasonableness and that he was prejudiced by the ineffective assistance.
 
 State v. Moorman,
 

 320 N.C. 387
 
 , 399,
 
 358 S.E.2d 502
 
 , 510 (1987). Looking atthe totality of the evidence, there must be a reasonable probability that, but for counsel's errors, whether they are reasonable or unreasonable, the result of the proceeding would have been different.
 
 State v. Braswell,
 

 312 N.C. 553
 
 , 563,
 
 324 S.E.2d 241
 
 , 248 (1985). If counsel's errors do not affect the result of the proceeding, it does not matter whether such errors were reasonable or unreasonable because the defendant is not prejudiced. In order for defendant's ineffective assistance of counsel claim to be successful in this case, he must first show that he was prejudiced by counsel's failure to renew his motion to dismiss at the close of all of the evidence by showing that the trial court should have granted the motion had it been properly raised.
 

 When reviewing a motion to dismiss, both the trial and appellate courts must view all of the evidence in the light most favorable to the State and draw every reasonable inference that can be drawn, in the State's favor.
 
 State v. Stephens,
 

 244 N.C. 380
 
 , 383,
 
 93 S.E.2d 431
 
 , 433 (1956). Any contradictions or discrepancies are for the jury to resolve and should not result in dismissal.
 
 State v. Griffin,
 

 136 N.C. App. 531
 
 , 544,
 
 525 S.E.2d 793
 
 , 803 (2000). All of the defendant's evidence is disregarded except to the extent that it substantiates the State's evidence.
 
 State v. James,
 

 81 N.C. App. 91
 
 , 93-94,
 
 344 S.E.2d 77
 
 , 80 (1986). There must be substantial evidence against the accused regarding every essential element of the crime.
 
 Stephens,
 

 244 N.C. at 383
 
 ,
 
 93 S.E.2d at 433
 
 . Substantial evidence is that which a reasonable person would find to be sufficient to support a conclusion that theelement exists.
 
 State v. Harris,
 

 145 N.C. App. 570
 
 , 578,
 
 551 S.E.2d 499
 
 , 504 (2001). The evidence must be sufficient to draw a reasonable inference of the defendant's guilt; it cannot simply raise a suspicion or conjecture, no matter how strong that suspicion might be.
 
 State v. Thomas,
 

 329 N.C. 423
 
 , 433,
 
 407 S.E.2d 141
 
 , 148 (1991).
 

 If the court determines there is enough evidence to support a reasonable inference of the defendant's guilt, the motion to dismiss should be denied, even if the evidence may also support a reasonable inference of innocence.
 
 State v. Grigsby,
 

 351 N.C. 454
 
 , 456-457,
 
 526 S.E.2d 460
 
 , 462 (2000). In this case, if there is enough evidence to support a reasonable inference that defendant is guilty of violating
 
 N.C. Gen. Stat. §90-95
 
 (a), the motion to dismiss would have been denied and counsel's failure to raise the motion does not amount to ineffective assistance of counsel because the outcome of the case would not have been affected.
 

 Under
 
 N.C. Gen. Stat. §90-95
 
 (a):
 

 It is unlawful for any person: (1) To manufacture, sell or deliver, or possess with the intent to manufacture, sell or deliver, a controlled substance; (2) To create, sell or deliver, or possess with the intent to sell or deliver, a counterfeit controlled substance; (3) To possess a controlled substance.
 

 N.C. Gen. Stat. §90-95
 
 (a)(2003). In this case, defendant denies that he "possessed" the drugs. Possession can be either actual or constructive.
 
 State v. Harvey,
 

 281 N.C. 1
 
 , 12,
 
 187 S.E.2d 706
 
 , 714 (1972). Constructive possession exists when, looking at the totality of the circumstances, a person has both the intent and thecapability to maintain dominion and control over the item even though he does not physically possess it.
 
 State v. Jackson,
 

 103 N.C. App. 239
 
 , 243,
 
 405 S.E.2d 354
 
 , 357 (1991),
 
 aff'd,
 

 331 N.C. 113
 
 ,
 
 413 S.E.2d 798
 
 (1992). Intent generally has to be inferred.
 
 State v. Autry,
 

 101 N.C. App. 245
 
 , 252,
 
 399 S.E.2d 357
 
 , 362 (1991). A person must be aware the item exists in order to be convicted of constructive possession.
 
 State v. Davis,
 

 20 N.C. App. 191
 
 , 192,
 
 201 S.E.2d 61
 
 , 62 (1973).
 

 Mere presence in a car in which drugs are found, without more, has been found to be insufficient to convict on constructive possession.
 
 State v. Weems,
 

 31 N.C. App. 569
 
 ,
 
 230 S.E.2d 193
 
 (1976) (Proximity not enough to support a conviction when drugs are found in a car in which defendant is a passenger because there is no evidence that he knew they existed). The State may, however, overcome a motion to dismiss simply by presenting evidence that places the accused so close to the drugs that the jury may reasonably conclude they were his.
 
 State v. Perry,
 

 316 N.C. 87
 
 , 97,
 
 340 S.E.2d 450
 
 , 457 (1986) (citing
 
 Harvey,
 

 281 N.C. at 12-13
 
 ,
 
 187 S.E.2d at 714
 
 ). In
 
 State v. Matias,
 

 354 N.C. 549
 
 ,
 
 556 S.E.2d 269
 
 (2001), a case very similar to the present case, the defendant was found to have had constructive possession of cocaine found in a car in which he was a passenger. The police smelled marijuana and found marijuana seeds and rolling papers when they stopped the car, supporting an inference that defendant knew there were drugs in the car. Defendant was the only person who could have hidden the cocaine where it was found. Here, defendant was in the back seat of Mellon's car when the police arrived. When defendant saw the police, he ducked out of sight. Through the back window, two of the officers saw a package containing a white substance in plain view at defendant's feet, within arm's reach. Applying the principles in
 
 Perry,
 
 the close proximity of the drugs to defendant would be enough on its own to survive a motion to dismiss. Even without following
 
 Perry,
 
 it is reasonable to assume that defendant saw the package laying right next to his feet, since two officers were able to see it from outside of the car. This supports an inference that defendant was aware of the drugs. The other package of drugs was found hidden in a pile of clothes next to where the defendant was sitting. Sergeant Ballen testified that "the [front] seats were pretty high...I wouldn't never have missed if someone had reached back...," giving rise to the inference that defendant was the only one who could have hidden the drugs in the back seat. Viewing all of the evidence in the light most favorable to the State, a jury would be able to reasonably conclude that the drugs were defendant's. Since the trial court would have denied a motion to dismiss, even if it had been properly raised, the outcome of the trial would not have been any different. Therefore, defendant was not deprived of the effective assistance of counsel.
 

 Our determination of this issue does not prejudice the defendant's right to file a motion for appropriate relief pursuant to N.C. Gen. Stat. §15A-1415 (2003), regarding his first and second contentions. Defendant is essentially claiming that his convictionwas obtained in violation of his Constitutional right to the effective assistance of counsel as guaranteed by the Sixth Amendment. Motions for appropriate relief based on these grounds may be filed any time after the verdict is announced. N.C. Gen. Stat. §15A-1415 (b)(3) (2003). Most ineffective assistance of counsel claims are better suited to motions for appropriate relief than to direct appeals because the appellate court can only look to the record, whereas in a motion for appropriate relief, the trial court can conduct an evidentiary hearing to explore any information provided to counsel by defendant as well as defendant's and counsel's inner thoughts and concerns during trial.
 
 State v. Stroud,
 

 147 N.C. App. 549
 
 , 554-555,
 
 557 S.E.2d. 544
 
 , 547 (2001).
 

 Defendant's second argument is that there was insufficient evidence presented during trial to support his conviction. "A defendant in a criminal case may not assign as error the insufficiency of the evidence to prove the crime charged unless he" makes a motion to dismiss at the close of all of the evidence. N.C.R. App. P. 10(b)(3). As has occurred in this case, if a defendant moves to dismiss at the close of the State's evidence, but then puts on his own evidence, his motion to dismiss is waived unless he renews it at the close of all of the evidence.
 
 State v. Davis,
 

 101 N.C. App. 409
 
 , 411,
 
 399 S.E.2d 371
 
 , 372 (1991).
 

 Though defendant's failure to renew the motion to dismiss results in waiver, we exercise our discretion under N.C.R. App. P. 2 and address his argument. As we have noted, a trial court's ruling on a motion to dismiss for insufficiency of the evidence tosupport a conviction is subject to reversal only if evidence of one of the elements of the crime is completely lacking.
 
 See, e.g., State v. Pfeifer,
 

 266 N.C. 790
 
 ,
 
 147 S.E.2d 190
 
 (1966);
 
 State v. Jackson,
 
 __ N.C. App. __,
 
 592 S.E.2d 575
 
 (2004);
 
 State v. Bennett,
 

 132 N.C. App. 187
 
 ,
 
 510 S.E.2d 698
 
 (1999)
 
 ; State v. Williams,
 

 98 N.C. App. 274
 
 ,
 
 390 S.E.2d 746
 
 (1990). We have already determined that there is sufficient evidence in this case to withstand a motion to dismiss; thus, we have determined there is substantial evidence of every element of the crime.
 

 Defendant's remaining assignments of error are deemed abandoned. N.C.R. App. P. 28(a). Defendant received a fair trial, free from prejudicial error.
 

 No error.
 

 Judges TIMMONS-GOODSON and HUNTER concur.
 

 Report per Rule 30(e).